UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Respondent, ) | |
| ) | |
| v. ) | No. 2:11-CR-103 |
| ) | |
| ) | |
| JESSICA L. LAWSON, ) | |
|     Petitioner. ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the motion of defendant for a reduction of sentence, [Doc. 300]. Defendant requests a reduction in sentence pursuant to Amendments 782 and 788 to the United States Sentencing Guidelines. The United States has responded and acknowledges the defendant is eligible for a reduction in sentence but defers to the Court's discretion whether and to what extent to reduce defendant's sentence, [Doc. 301]. The motion will be GRANTED in part.

**I. Factual and Procedural Background**

The defendant was convicted of participating in a conspiracy to distribute and possess with intent to distribute 1,000 kilograms or more of marijuana in violation of 21 U.S.C. §§ 846 and 841(a)(1), (b)(1)(A), [Doc. 259]. She was held accountable for 1,527 kilograms of marijuana, resulting in a base offense level of 32. The base offense level was decreased by three levels pursuant to USSG § 3E1.1(a) & (b) (acceptance of responsibility), resulting in a total offense level of 29. The guidelines range was 108 to 135 months; however, defendant was subject to a mandatory minimum of 120 months imprisonment, making the range 120 to 135 months. The United States filed a motion for downward departure pursuant to 18 U.S.C. § 3553(e) and USSG § 5K1.1. The government recommended a three-level reduction to a range of 78 to 97 months

1

and recommended a sentence within that range. [Doc. 238]. The Court granted the motion but departed downward by four more months pursuant to section 5k2.23, imposing a 74-month sentence of imprisonment, a thirty-five percent reduction.

At the time of the entry of her guilty plea, the defendant stipulated to the following facts:

> a) Through the testimony of several witnesses, including co-conspirators, the United States would demonstrate, beyond a reasonable doubt, that between December of 2007 and December of 2010, in the Eastern District of Tennessee, the defendant did knowingly, intentionally, and without authority, conspire with at least one other person to distribute and to possess with the intent to distribute approximately 1,527 kilograms of marijuana, a Schedule I controlled substance.
>
> b) During the course of the conspiracy, the defendant assisted co-defendants William A. Lawson and Kenneth A. Lawson, in breaking down multi-kilogram quantities of marijuana for further distribution. The defendant and co-defendant Brock Lawson also obtained marijuana from co-defendant William A. Lawson which she then further distributed in the Eastern District of Tennessee.
>
> c) Beginning in late 2002, co-defendants William A. Lawson and Kenneth A. Lawson began obtaining bulk quantities of marijuana from Hispanic suppliers. These deliveries continued until late 2010, a conservative average 150 pounds per month.
>
> d) Beginning approximately in December of 2007, the defendant and co-defendant Brock Lawson assisted William Lawson and Kenneth Lawson in breaking down the bulk marijuana deliveries into smaller quantities for further distribution.
>
> e) From December of 2007 until December of 2010, the defendant and co-defendant Brock Lawson then obtained an average of 40 pounds of marijuana per month which they further distributed within the Eastern District of Tennessee.
>
> f) On August 12, 2009, the defendant and co-defendant Brock Lawson sold a confidential informant four ounces of marijuana at a restaurant in Colonial Heights, Tennessee. Later that same day the defendant was present at co-defendant William A. Lawson's residence, 140 Chariot Trail, Limestone, Tennessee, when the confidential informant purchased an additional three ounces of marijuana from Brock Lawson.

g) On September 17, 2009, a confidential informant purchased three ounces of marijuana from the defendant at 140 Chariot Trail, Limestone, Tennessee.

h) On February 18, 2010, the defendant and co-defendant Brock Lawson were stopped by law enforcement agents in Kingsport, Tennessee. In the vehicle, officers found approximately 120 grams of marijuana.

i) On March 27, 2010, in an intercepted telephone call, the defendant spoke with codefendant William Lawson. During the conversation, the defendant asked William Lawson if he had "a whole one." The defendant said that Brock Lawson wanted a whole one, and William Lawson said he had "a half." The defendant said that she and Brock Lawson would come by and get the half. The defendant admits that she and Brock Lawson picked up a half of a pound of marijuana from William Lawson for further distribution.

j) The defendant admits that during her involvement in the conspiracy, from December of 2007 until December of 2010, she is responsible, including marijuana she assisted in breaking down for resale and in actual distribution, for approximately 3,360 pounds or 1,527 kilograms of marijuana.

[Doc. 61].

**II. Standard of Review**

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 131 S. Ct. 2685, 2690 (2011) (internal citation and quotation marks omitted). Title 18 United States Code § 3582(c)(2), however, gives a district court authority to modify a term of imprisonment that has been imposed on a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently lowered by the Sentencing Commission," 18 U.S.C. § 3582(c), through a retroactively applicable amendment such as Amendment 782. *Id.*; USSG § 1B1.10. The Court may reduce the term, "after considering the factors set forth in § 3553(a) to the extent they are applicable, if such a reduction is consistent

3

with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Section 1B1.10 identifies the guideline amendments that may be applied retroactively, and sets out the factors for deciding a sentence reduction motion under § 3582(c). The Supreme Court has made clear that § 3582 does not require a sentencing or resentencing proceeding, but gives courts the power to reduce an otherwise final sentence under circumstances established by the Sentencing Commission. *Dillon v. United States*, 560 U.S. 817 (2010); *United States v. Curry*, 606 F.3d 323, 330 (6th Cir. 2010); USSG § 1B1.10, Cmt. background (noting that a reduction under § 1B1.10 is discretionary and "does not entitle a defendant to a reduced term of imprisonment as a matter of right").

Section 3582(c)(2) establishes a two-step inquiry: First, the court must determine whether the defendant is eligible for a sentence reduction. If she is, the court must then consider whether, in its discretion, the authorized reduction is warranted in whole or in part under the circumstances. *Dillon*, 130 S. Ct. at 2691-92; *United States v. Greenwood*, 521 Fed. App'x 544, 547 (6th Cir. 2013). In exercising its discretion, the court is required to consider public safety factors and is permitted to consider post-sentencing conduct in deciding whether a reduction in the defendant's term of imprisonment is warranted. USSG § 1B1.10, Cmt. (n. 1(B)(ii)-(iii)). Thus, the district court is required to consider both the § 3553(a) factors and "the nature and seriousness of the danger to any person or the community that may be posed by a reduction in defendant's term of imprisonment." *Curry*, 606 F.3d at 330 (quoting USSG § 1B1.10, Cmt. n. 1(B)(ii)).

One other factor is relevant to the instant motion. Ordinarily, a defendant's sentence may not be reduced to a term "less than the minimum of the amended guideline range." USSG § 1B1.10(b)(2)(A). But where, as here, defendant previously received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities,"

4

the Court has authority to grant a reduction "comparably less than the amended guideline range." USSG § 1B1.10(b)(2)(B). In addition, where, as is the case here, the defendant obtained a downward departure pursuant to 18 U.S.C. § 3553(e), "the amended guideline range shall be determined without regard to the operation of § 5G1.1 . . . and § 5G1.2." USSG § 1B1.10(c).

The relevant factors here demonstrate that a reduction is appropriate but that the reduction should be less than that requested by defendant. First is the seriousness of defendant's criminal conduct. The defendant was a substantial participant in a very serious conspiracy to distribute a very large quantity of marijuana. The defendant personally ordered large quantities of marijuana and distributed multiple ounce quantities on numerous occasions. She participated in the conspiracy dealing in large quantities for a lengthy period of time. In addition, the defendant's criminal history is also an important consideration. Likewise, the defendant was on probation while she committed the instant offense, and this is a factor in the Court's determination.

Protection of the public and necessary general deterrence are also significant factors which weigh against a reduction here, given the seriousness of the criminal conduct and the large amount of marijuana involved in the offense. One final factor also weighs against the full reduction sought by defendant. That is the one pointed out by the government response in this matter. The defendant faced a congressionally imposed ten-year mandatory minimum term of imprisonment as a result of her conviction. The only reason she escaped that ten-year minimum term, then or now, was the government's motion for downward departure based on substantial assistance. At the time of sentencing, the clear rule in the Sixth Circuit was that "only factors relating to a defendant's cooperation may influence the extent of a departure pursuant to § 3553(e)." *United States v. Grant*, 636 F.3d 803, 814 (6th Cir. 2011) (*en banc*). This Court reviewed the government's motion outlining the assistance provided by the defendant and

5

concluded at the time that the sentence imposed reflected the extent of her cooperation. The policy bases upon which the Sixth Circuit premised its holding remain the same, even though the defendant is now *eligible* for the reduction based on the amendment to the guidelines. Since the only way defendant escaped the congressionally imposed mandatory minimum was for substantial assistance to the government, it is perfectly logical that the extent of the reduction should be determined based on the extent of assistance.

As the government points out, a reduction to the level sought by the defendant would result in a 47.5 percent reduction from the mandatory minimum. Such a reduction is not warranted here under the circumstances outlined above. The Court will, however, in the exercise of its discretion, in light of the defendant's lack of disciplinary history during her incarceration and her post-sentencing efforts at rehabilitation, including participation in the RDAP program, grant some additional reduction in the case. Therefore, the defendant's motion is GRANTED, and her sentence will be reduced to a term of 62 months of imprisonment (78 months minus 12 months for substantial assistance and minus 4 months pursuant to section 5k2.23).

This order is effective November 2, 2015.

ENTER:

s/J. RONNIE GREER<br>UNITED STATES DISTRICT JUDGE